UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LORI ANN CORPE, )<br>)<br>*Petitioner* )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>*Respondent* ) | CAUSE NO. 3:06-CV-161RM<br>(Arising out of 3:04-CR-121(01) RM |

OPINION and ORDER

On March 8, 2005, Lori Ann Corpe pleaded guilty to three counts of an indictment charging her in Count 1 with distribution of methamphetamine, 18 U.S.C. § 841(a)(1), in Count 2 with possessing a firearm as a user of unlawful substances, 18 U.S.C. § 922(g)(3), and in Count 3 with providing a firearm to a known felon, 18 U.S.C. § 922(d). She was sentenced on June 16, 2005 to a term of 122 months' imprisonment (concurrent terms of 122 months on Count 1, 120 months on Count 2, and 120 months on Count 3), to be followed by a six-year term of supervised release (concurrent terms of six years on Count 1, three years on Count 2, and three years on Count 3), and was ordered to pay a special assessment of $300.00. Ms. Corpe is now before the court requesting that her sentence be vacated pursuant to 28 U.S.C. § 2255.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

An examination of Ms. Corpe's plea agreement reveals that she waived her right to appeal her conviction and sentence and to contest her conviction and sentence in a § 2255 proceeding. Ms. Corpe's plea agreement, signed by Ms. Corpe, her attorney Robert Truitt, and Assistant United States Attorney Donald Schmid contains the following language in paragraph 9(d):

> (d) I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. With that understanding, I expressly waive my right to appeal my conviction, my sentence and any restitution order to any Court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence, any restitution order imposed, or the manner in which my conviction, the sentence or the restitution order was determined or imposed on any ground including any alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742 or in any post-conviction proceeding, including, but not limited to a proceeding under Title 28, United States Code, Section 2255.

Although the paragraph's plain language evidences Ms. Corpe's agreement to not contest any sentence or the way it was determined, she now asks that her sentence be vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255.

"Plea agreements are contracts and must be interpreted according to principles of contract law." United States v. Randle, 324 F.3d 550, 557 (7th Cir. 2003). The government is bound by the terms of a plea agreement and must fulfill any promise it makes in exchange for a defendant's plea of guilty. *See* Santobello v. New York, 404 U.S. 257 (1971); United States v. Schilling, 142 F.3d 388 (7th Cir. 1998). Prosecutors do not have the discretion to induce guilty pleas through promises that are not kept, Santobello v. New York, 404 U.S. at 262; United States v. Schilling, 142 F.3d at 395, and defendants should be similarly bound. *Cf.* United States v. Bownes, 405 F.3d 634, 636 (7th Cir. 2005) ("In a contract (and equally in a plea agreement) one binds oneself to do something that someone else wants, in exchange for some benefit to oneself.").

Ms. Corpe first claims her counsel was ineffective because he didn't file an appeal when she asked him to do so. Ms. Corpe's plea agreement contains her waiver of her right to appeal her conviction and sentence "on any ground." The waiver in a plea agreement of a right to appeal is enforceable "as long as the record clearly demonstrates that it was made knowingly and voluntarily." United States v. Williams, 184 F.3d 666, 668 (7th Cir. 1999).

Ms. Corpe was questioned at her change of plea hearing about the waiver provision of her plea agreement:

> THE COURT: As I understand it, you're aware that people who are sentenced in federal court ordinarily have the right to appeal their sentence; but, as I understand it, as part of your plea agreement, you're giving up the right to appeal the sentence, and you're also giving up the right to file any

3

> later petition for writ of habeas corpus or similar petition challenging your conviction or the way it was determined. Is that how understand it?
> MS. CORPE: Yes.
> THE COURT: And that's an important provision, so let me ask you more specifically. As I understand it, that means that if from here on out I do anything with respect to the case that you don't think was right even if you think you got a longer sentence as a result of that, or Mr. Schmid or anyone else from his office does anything with respect to the case that you don't think was right even if you think you got a longer sentence as a result, or if Mr. Truitt in representing you were to do anything that you didn't think was right with respect to the case even if you thought your sentence was longer as a result of it, once the sentence is imposed, you couldn't complain about that to this court or any other court. Is that how you understand it?
> MS. CORPE: Yes.

Plea Hrg. Tr., at 12-13. At the change of plea hearing, Ms. Corpe confirmed that her plea was knowing and voluntary:

> THE COURT: Has anybody used any threats or any force against you to get you to plead guilty, ma'am?
> MS. CORPE: No.

Plea Hrg. Tr., at 17-18.

The court also discussed the waiver with Ms. Corpe at her sentencing hearing:

> THE COURT: The law requires me, ma'am, to tell you that you have the right to appeal this sentence if you believe any error was made. Ordinarily you have the right to appeal. A person who has that right to appeal has the right to be represented by an attorney on the appeal. She has the right to have an attorney appointed to represent her without cost to her if she cannot afford an attorney.
> In order for her to appeal, a notice of appeal has to be filed on her behalf within ten days of the day judgment is entered. And, in your case, that will probably be today. The notice of appeal can be filed by her attorney, by the defendant herself, or if the defendant asks the judge to order it by the Clerk of the Court.
> The law requires me to tell you all that. I need to remind you that as part of your plea agreement you waived or gave up that right to appeal. Do you understand all that?

      MS. CORPE: Yes.

June 16, 2005 Sent. Hrg.

      Ms. Corpe's statements at her change of plea hearing, statements made under oath, are presumed to be truthful when determining whether her plea was knowing and voluntary. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). The record supports a finding that Ms. Corpe's guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to [her]." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). The plea agreement clearly sets forth the wavier of her right to appeal, the court explained the waiver to Ms. Corpe during the plea colloquy and at the sentencing hearing, and Ms. Corpe acknowledged that she understood. Ms. Corpe hasn't challenged her plea agreement or provided any legal support for her claim of ineffective assistance of counsel based on counsel's not filing an appeal when Ms. Corpe surrendered that option as part of her plea agreement.

      A plea agreement that contains a waiver of the right to file a petition under § 2255 is enforceable within limits, as well. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000). Such a waiver can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005); United States v. Whitlow, 287 F.3d 638, 640 (7th Cir. 2002), or when a defendant claims the waiver was involuntary or that counsel was ineffective in

5

negotiating the agreement. Mason v. United States., 211 F.3d 1065, 1069 (7th Cir. 2000); Jones v. Unites States, 167 F.3d 1142, 1144-1146 (7th Cir. 1999). Ms. Corpe's petition presents none of the sorts of claims as to which a waiver may be disregarded. Ms. Corpe hasn't challenged her plea agreement or advanced any claims relating to negotiation of the waiver. Instead, she says her sentence should be vacated because "the court used 'relevant conduct' from a prior case without giving credit for time served;" evidence was gained pursuant to an unconstitutional search and seizure; and her conviction was obtained in violation of self-incrimination in that the "statements used against [her] were obtained by both undercover agents and detectives without Miranda or counsel present." Ms. Corpe's claims are foreclosed by her plea agreement, in which she expressly waived her right to appeal or challenge her conviction and sentence, and the manner in which the conviction and sentence were determined or imposed, on any ground. United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005).[1]

While a sentence in excess of the statutory maximum sentence for a defendant's crime can be challenged even if the defendant executed a blanket

---

[1]Even if Ms. Corpe's claims weren't foreclosed by the terms of her plea agreement, her claims are without merit: her argument that her federal sentence should reflect her state sentence for maintaining a common nuisance was advanced by counsel and considered and rejected by the court at her sentencing hearing, *see* Sent. Memo., at 7; the search of her apartment was pursuant to a valid search warrant based on information and evidence obtained from a confidential informant, including drugs he purchased from Ms. Corpe during a controlled buy and a photograph of an assault rifle equipped with a grenade launcher he took with his cell phone in Ms. Corpe's apartment; and the statements that formed the basis of Ms. Corpe's conviction were her own admissions at her change of plea hearing that she was guilty of the crimes charged. Based on the claims advanced in her § 2255 petition, if resentencing of Ms. Corpe were to become necessary, she would lose the three level reduction in offense level for acceptance of responsibility.

6

waiver of her appeal rights, United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005), Ms. Corpe's sentences were not in excess of the 30-year maximum for violation of 21 U.S.C. § 841(a)(1), the 10-year maximum for violation of 18 U.S.C. § 922(g)(3), or the 10-year maximum for violation of 18 U.S.C. § 922(d).

Ms. Corpe contests her conviction and sentence and the manner in which they were determined — an option she agreed would not be available to her when she entered into her plea agreement with the government. Ms. Corpe hasn't contested the waiver provision or the validity of the plea agreement itself and "has done nothing to convince [the court] why [it] should consider the merits of [her petition] in light of the waiver provision." United States v. Nave, 302 F.3d 719, 721 (7th Cir. 2002). Ms. Corpe waived her right to file an appeal or a § 2255 petition, and her claims have nothing to do with the issue of a deficient negotiation of the agreement or the waiver. Accordingly, Ms. Corpe isn't entitled to the relief she seeks, and her petition filed pursuant to 28 U.S.C. § 2255 is SUMMARILY DISMISSED and her request for additional time to the government's arguments is DENIED.

SO ORDERED.

ENTERED:   March 10 , 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc:   L. Corpe

7

D. Schmid